UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORENZO TOMBS,

    Plaintiff,

v.                                                                Case No. 19-C-1164

JODI FIELDS et al.,

    Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

      Plaintiff Lorenzo Tombs, who is representing himself, is proceeding with a claim that the defendants were deliberately indifferent towards his serious medical condition and committed medical malpractice. Dkt. No. 18 at 5-6. The defendants filed a motion for summary judgment on July 10, 2020, which references a document entitled "Defendants' Proposed Undisputed Facts." *See* Dkt. No. 42 at 3. The defendants did not e-file the referenced document, *see* Dkt. No. 41-46, nor does the docket contain any other document that satisfies Civil Local Rule 56(b)(1)(C) ("With each motion for summary judgment, the moving party must file… a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law…"). Moreover, "failure to submit such a statement constitutes grounds for denial of the motion." Civ. L. R. 56(b)(1)(C)(iii). The Court will therefore deny the defendants' motion for summary judgment. The denial, however, is without prejudice and the defendants may refile their motion with the proposed findings of fact within 7 days of this order.

      On January 6, 2021, Tombs filed a letter explaining that he will be released from custody on February 16, 2021. Dkt. No. 65. Tombs states, "I think it would be better when I get out and I

can get/find an attorney who will take this case." *Id*. The Court will deny Tombs' fifth motion to appoint counsel, *see* Dkt. No. 64, and will give him 45 days from the date of his release from custody to respond to the defendants' statement of facts, assuming they refile their motion. For the same reasons previously provided, the Court will not recruit counsel for Tombs because his filings throughout this case have demonstrated that he is articulate and competent to present the facts of this case to a judge or jury. *See* Dkt. Nos. 11, 18, 30, 54. Nothing material has changed in Tombs' competence to represent himself since the Court denied his first four motions to appoint counsel. *See* Dkt. No. 64. Further, once he is released from prison, Tombs will have the same opportunity as any other putative plaintiff to convince an attorney that his case has sufficient merit and potential recovery to justify the attorney's expenditure of time and resources that may be needed to bring it to conclusion. That he lacks the financial resources to retain counsel on his own is true of the vast majority of people who are not currently serving a sentence for a crime. It does not entitle him to court-recruited counsel. To the extent Tombs attempts to recruit counsel on his own upon his release from custody, he must do so in a timely manner. In the event he is unable to obtain counsel, he must still respond to the defendants' motion and statement of facts, if refiled, within the extension of time provided.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion for summary judgment (Dkt. No. 41) is DENIED without prejudice. The defendants shall refile their motion for summary judgment in compliance with Civ. L. R. 56(b)(1)(C) **within 7 days** of this order; the plaintiff may file a response to the document **within 45 days** of his release from custody.

**IT IS ORDERED** that the plaintiff's fifth motion to appoint counsel (Dkt. No. 64) is **DENIED** without prejudice.

Dated at Green Bay, Wisconsin this 21st day of January, 2021.

                  s/ William C. Griesbach
                  William C. Griesbach, District Judge
                  United States District Court